**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                       :
RUSSELL M. CUCIAK,                     :   Civil Action No. 08-5222 (MLC)
                                       :
            Plaintiff,                 :
                                       :              OPINION
      v.                               :
                                       :
OCEAN COUNTY PROBATION                 :
OFFICE, et al.,                        :
                                       :
            Defendants.                :
                                       :
```

**COOPER, District Judge**

Plaintiff, Russell M. Cuciak, seeks to file a Complaint in forma pauperis under 28 U.S.C. § ("Section") 1915. Based on the affidavit of poverty, as supplemented on March 9, 2009, the Court will grant him in forma pauperis status.[1] The Court has screened the Complaint for dismissal under Section 1915(e)(2)(B) and, for the reasons set forth below, will dismiss the Complaint.

## BACKGROUND

Cuciak asserts that the Ocean County Probation Office, Ocean County Board of Chosen Freeholders, Probation Officer Jamie Hester, the Director, a supervisor, and three probation officers violated his constitutional rights arising from his probation supervision. He alleges that in July 2004, he was arrested for DUI and eluding arrest while he was in New Jersey on a trip from

---

[1] Cuciak first applied to proceed in forma pauperis while incarcerated. He then notified the Clerk that he had been released, was homeless and unemployed, and was awaiting reinstatement of Supplemental Security Income.

Florida.[2]  He asserts that on February 4, 2005, a New Jersey judge found him guilty and imposed a sentence of 364 days in jail and four years probation, which (according to the transcript attached to the Complaint) "may be transferred to his home county in Florida for courtesy supervision."  (Compl., Ex. B, docket entry no. 1-5 at p. 3.)  Cuciak alleges that defendants obtained information from him as to the transfer while he was incarcerated at the Ocean County Jail; upon his release, he returned to Florida.  He asserts that, on the day he arrived, an Ocean County Probation official ordered him to return to Ocean County within 24 hours or be arrested for violation of probation.  Cuciak states that he returned to New Jersey within the required time period and reported to the Probation Department, where he was informed that the staff was working on his transfer, but he had to live in Ocean County until completion of the process.

　　　Cuciak asserts that he went to Seaside Heights and was immediately robbed of his money, laptop computer, and cell phone.  Cuciak maintains that he discovered later on that the transfer had been delayed because Ocean County Officials, who had demanded the name of a relative with whom he would reside in Florida, had informed his mother that he would have to live with her for the four-year term of his probation and his mother had agreed to

---

　　　[2]  The Court will regard Cuciak's allegations as true for the purposes of this review.  See Stevenson v. Carroll, 495 F.3d 62, 66 (3d Cir. 2007).

house him only temporarily.  Cuciak alleges that he told a probation official that he could stay with his brother in Broward County or his girlfriend, but the official refused to take the information.

Cuciak asserts that he remained homeless in Ocean County, and suffered from depression, Hepatitis B, and drug and alcohol addiction.  He asserts that when he inquired with Hester (his new probation officer) about transferring him to Florida, she refused to consider it until he had paid his fines.  Cuciak states that in 2006, he was hospitalized for depression and addiction, and arrested on new charges, but he continued to inquire about a probation transfer.  Cuciak asserts that the defendants violated his rights, a court order and N.J.S.A. § 2A:168-12, by failing to transfer his probation supervision to Florida, restraining his liberty, and failing to have policies permitting probationers to be transferred to the home state to reside with non-family members.  Cuciak seeks damages and a transfer of his probation supervision to Florida.

On February 10, 2009, Cuciak informed the Clerk by letter that he was released from Ocean County Jail on January 21, 2009, and will be residing in Florida.  (Dkt. entry no. 6.)  He then filed a letter stating that he was homeless and unemployed, and that he had applied for reinstatement of Supplemental Security Income.  (Dkt. entry no. 7.)

**STANDARD FOR SUA SPONTE DISMISSAL**

The Court must (1) review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis, and (2) sua sponte dismiss any claim if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought".  Fed.R.Civ.P. 8(a).  Also, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  The standard for failure to state a claim, in view of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), is as follows:

> The Supreme Court's Twombly formulation of the pleading
> standard can be summed up thus: stating . . . a claim
> requires a complaint with enough factual matter (taken
> as true) to suggest the required element.  This does not
> impose a probability requirement at the pleading state,
> but instead simply calls for enough facts to raise a
> reasonable expectation that discovery will reveal
> evidence of the necessary element.

4

Phillips v. County of Allegheny, 515 F.3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

A pro se pleading's sufficiency must be construed liberally in a plaintiff's favor, even after Twombly. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). A pro se plaintiff needs to allege only enough facts to suggest the required elements of the claim asserted, but the Court need not credit mere "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).[3]

**DISCUSSION**

A plaintiff may seek redress for violations of federal civil rights by showing (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). The Court construes the Complaint as asserting the following under § 1983: defendants' failure to transfer Cuciak's probation supervision to Florida violated (1) the Interstate Compact for Adult Offender Supervision ("ICAOS"), see N.J.S.A. § 2A:168-11, et seq.; and (2) the Due Process Clause of the Fourteenth Amendment.

---

[3] Cuciak is an experienced pro se litigant in the District of New Jersey. See Cuciak v. Bd. of Chosen Freeholders, No. 05-2658 (GEB); Cuciak v. Prison Health Care Service, No. 05-1860 (GEB); Cuciak v. Hutler, No. 05-1121 (GEB); Cuciak v. Hutler, No. 05-604 (GEB).

5

**A.     ICAOS**

New Jersey and Florida have adopted the ICAOS.  See N.J.S.A. §§ 2A:168-26 to 2A:168-39; Fla.Stat. §§ 949.07 to 949.09.  The ICAOS governs transfer procedures and eligibility.  See N.J.S.A. § 2A:168-33(f)(4)-(5).  The ICAOS is a federally-sanctioned interstate compact and therefore federal law, but Cuciak cannot enforce the ICAOS because it does not create a private right of action and probationers have no third-party beneficiary rights.  See Doe v. Pa. Bd. of Prob. & Parole, 513 F. 3d 95, 103-07 (3d Cir. 2008).  In any event, neither the ICAOS nor the New Jersey statute cited by Cuciak indicates that transfers to another State are mandatory or required.  See N.J.S.A. § 2A:168-12 ("Probation officers may at any time, after approval by the court . . . , transfer any probationer under their care and supervision to the jurisdiction of any other probation officer"); N.J.S.A. § 2A:168-26(c) ("compacting states recognize that there is no 'right' of any offender to live in another state and that duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any offender under supervision subject to the provisions of this compact and bylaws and rules promulgated hereunder").  Thus, defendants did not violate the ICAOS by failing to effectuate a prompt transfer of Cuciak's probation supervision to Florida.[4]

---

[4]  Cuciak contends that defendants violated the sentencing order by failing to timely transfer his probationary supervision.

**B.     Due Process**

To analyze a procedural due process claim, the first step is to determine whether one was deprived of a liberty or property interest protected by due process.  See Fuentes v. Shevin, 407 U.S. 67 (1972).  Only if the answer is yes, is the second step, i.e., determining what process is due, necessary.  See Morrissey v. Brewer, 408 U.S. 471 (1972).

Liberty interests protected by the Due Process Clause may arise under the clause itself or be created by mandatory language in state law.  See Sandin v. Conner, 515 U.S. 472, 483-484 (1995).  The "Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Id. at 478.  "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  Montanye v. Haymes, 427 U.S. 236, 242 (1976); see Vitek v. Jones, 445 U.S. 480, 493 (1980).  A convicted person — such as Cuciak — has no liberty interest arising by dint of the

---

He has not attached a copy of the judgment of conviction, but he attached the last page of a transcript (presumably the sentencing transcript), which states: "[H]is probation may be transferred to his home county in Florida for courtesy supervision."  (Dkt. entry no. 1-5, p. 3.)  The transcript indicates that the transfer was not mandatory.

Due Process Clause itself in having a court-imposed probation-supervision term transferred to another state. Cf. Olim v. Wakinekona, 461 U.S. 238, 247-48 (1983); Meachum v. Fano, 427 U.S. 215, 223-25 (1976).

"[M]andatory language in a state law or regulation can create a protected liberty interest only if the alleged deprivation 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (quoting Sandin, 515 U.S. 484). The "baseline for determining what is 'atypical and significant' - the 'ordinary incidents of prison life' — is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997).

A probation-supervision transfer is discretionary under the ICAOS. See N.J.S.A. § 2A:168-12 ("Probation officers may at any time, after approval by the court . . . , transfer any probationer under their care and supervision to the jurisdiction of any other probation officer"); N.J.S.A. § 2A:168-26(c) ("compacting states recognize that there is no 'right' of any offender to live in another state and that duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any offender under supervision subject to the provisions

of this compact and bylaws and rules promulgated hereunder"). Those sentenced to probation in New Jersey may or may not have probation transferred. As a probation transfer is not mandatory, and as failure to transfer is not an "atypical and significant" hardship, Cuciak had no liberty interest in a transfer that is protected by Due Process. Because Cuciak had no liberty interest in a transfer, defendants did not violate his due process rights and the Court will dismiss the due process claim pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[5]

**C.   Supplemental Jurisdiction**

The Complaint may be construed as asserting additional claims under state law. Where there is original jurisdiction over federal claims under Section 1331 and supplemental jurisdiction over state claims under Section 1367(a), a district court may decline to exercise supplemental jurisdiction if all claims over which there is original jurisdiction are dismissed. 28 U.S.C. § 1367(c)(3). As the federal claims here will be dismissed, the

---

[5] Cuciak's apparent contention that the failure to promptly transfer his probation supervision to Florida inflicted cruel and unusual punishment in violation of the Eighth Amendment is without merit, as the Complaint does not indicate he was deprived of the minimal civilized measures of life's necessities. See Padilla v. Beard, 206 Fed.Appx. 123, 125 (3d Cir. 2007); Griffin, 112 F.3d at 709 (3d Cir. 1997). It cannot be reasonably inferred from the facts set forth in the Complaint that defendants caused Cuciak to become addicted, unemployed, and homeless.

9

Court will decline to exercise supplemental jurisdiction over the state law claims.

## CONCLUSION

The Court will (1) grant Cuciak's application to proceed <u>in forma pauperis</u>, (2) dismiss the Complaint insofar as it asserts claims under federal law with prejudice, and (3) dismiss the Complaint insofar as it may be construed to assert claims under state law without prejudice to recommence only the state-law claims in state court within 30 days. The Court will issue an appropriate Order and Judgment.

          s/ Mary L. Cooper          
**MARY L. COOPER**
United States District Judge

Dated: April 20, 2009